HOBBS LUMBER CO., *A Corporation*

*v.*

DARRELL U. ROBINSON, *Et Al.*, PEOPLES FEDERAL SAVINGS & LOAN ASSOCIATION, *A Corp.*, LOUIS SALVATORI, *Trustee*, AND DUDLEY BECK, *Trustee, Et Al.*

(No. 12644)

Submitted September 26, 1967. Decided December 5, 1967.

*McCamic & McCamic, Jolyon W. McCamic,* for appellant.

*Camilletti & Camilletti, Paul C. Camilletti,* for appellees.

BROWNING, JUDGE:

Plaintiff, Hobbs Lumber Company, a corporation, instituted this action in the Circuit Court of Ohio County to enforce a materialman's lien under the provisions of Code, 38-2-3, as amended. The complaint alleges that plaintiff supplied the defendant, Darrell U. Robinson, with materials of the value of $1,737.79 for the improvement of certain real estate; the property was sold by Robinson to the defendant Vargos; and plaintiff thereafter properly perfected its lien against the property. The other defendants are the lending institution which advanced the purchase money to the Vargos, the trustees named in the deed of trust securing such loan, and subsequent lienors who have perfected liens against the property. Attached to the complaint as exhibits are the account of plaintiff and the notice of lien.

The defendant Vargos and the other defendants involved in the purchase transaction answered demanding strict proof of the furnishing of materials, and as-

serting a cross-claim against Robinson for breach of warranty which is not in issue here. Thereafter, and pursuant to the filing of an "amended answer", these defendants moved for summary judgment on the ground that plaintiff's lien had been extinguished by payment, alleging that Robinson had procured a loan in the amount of $5,000.00 from the Wheeling Dollar Savings & Trust Company, hereinafter referred to as Wheeling Dollar, by executing his promissory note therefor, endorsed by Hobbs Lumber Company, with which he paid and discharged the account due to plaintiff and attached in support of the motion the affidavit of Louis Salvatori, President of Peoples Federal Savings & Loan Association of Wheeling, to that effect. Filed as exhibits with the affidavit are the note for $5,000.00, dated September 28, 1962, payable to Wheeling Dollar, signed by Darrell U. Robinson and endorsed on the reverse side by Hobbs Lumber Company by R. G. Hobbs, President, and by R. G. Hobbs, Sr., in his individual capacity, and as stipulated by counsel, a ledger sheet of Hobbs Lumber Company showing a credit to Robinson of $1,618.21, on account of the property here involved on September 29, 1962.

Plaintiff moved to strike defendants' motion and moved for summary judgment in its favor on the basis of the pleadings and the affidavit of Russell G. Hobbs, Jr., Treasurer of Hobbs Lumber Company, and Robert C. Hazlett, President of Wheeling Dollar. Hobbs states that: Robinson was indebted to Hobbs in an amount in excess of $20,000.00, which included the amount due against the property now owned by the Vargos; Hobbs demanded some payment on this account and Robinson executed the note in question which Russell G. Hobbs, Sr., endorsed and it was negotiated at Wheeling Dollar; the reason for taking the note was to obtain working capital for Hobbs; Wheeling Dollar looked to Hobbs for payment and, on the due date, notified Hobbs which subsequently paid and discharged the note; and, Robinson never paid such debt. Hazlett

states that: on September 28, 1962, the note in question was presented to Wheeling Dollar for negotiation by Hobbs and, by virtue of the endorsement of Hobbs, Sr., $4,975.00 was credited to Hobbs' account, $25.00 being taken by Wheeling Dollar for a discount cost; Wheeling Dollar treated the note as a discount note and an obligation of Hobbs and looked directly to Hobbs for payment; and, the note subsequently became due and was paid by Hobbs. The credit memorandum evidencing the transaction is filed as an exhibit to Hazlett's affidavit.

Defendants thereafter, as heretofore stated, filed their amended answer alleging payment of the $1,618.21 which had been credited by Hobbs to the account of the Vargo property as a result of the transaction with respect to the note.

The Circuit Court, on May 24, 1966, held that under the circumstances Hobbs' lien against the property to the extent of $1,618.21 was released by an unconditional payment, the fact that Hobbs later had to pay the note as an "accommodation endorser" being without effect, and granted summary judgment in favor of defendants for that amount, but holding that subsequent charges in the amount of $119.58 are proper and that sum is owing to the plaintiff, the defendants having theretofore filed a plea of tender admitting their liability in that sum and paying into court the sum of $119.58, to which judgment this Court granted an appeal on January 23, 1967.

The only defense which the defendants assert to the action of Hobbs is the plea of payment as alleged in the "amended answer". The precise issue, then, which is presented by the pleadings and evidence in this record is whether or not the "payment" by Robinson to Hobbs by virtue of the transaction involving the $5,-000.00 note constituted conditional or unconditional payment of the sum of $1,618.21 for material furnished for the Vargo property. This record does not show

958

how all of the $5,000.00 "payment" was applied by Hobbs but Exhibit C, which is a portion of the account of Robinson with Hobbs, shows that on September 29, 1962, the Robinson account was credited with the sum of $1,618.21, which was the exact amount due at that time by Robinson for material for the Vargo property. Counsel for the defendants admits that the payment would have been conditional and the lien of Hobbs would not have been extinguished had the note in question been payable to Hobbs rather than to Wheeling Dollar and had Robinson thereafter defaulted thereon. However, the defendants contend in this Court, and the able trial judge held, that upon the negotiation of the $5,000.00 note payable to Wheeling Dollar by Hobbs and the crediting by that institution of the Hobbs account with the value of the note less the discount charge, that such was tantamount to an unconditional "cash" payment and the relationship between Hobbs and Robinson changed from that of debtor and creditor to that of principal and surety. In other words, that Hobbs by accepting the note, even though he became the endorser upon it, elected to thereafter look to Robinson for payment of the note in satisfaction of his account and not to rely further upon his lien. Neither the trial judge in his opinion nor counsel for the defendants cites any authority to support that view and frankly this Court has found none directly in point either supporting or denying that result. We must, therefore, resort to established principles in appraising the situation.

The rule obtaining in West Virginia, and we believe it to be almost universal, is that the payment of an account by means of a check or note made payable to the creditor is not an unconditional payment unless by express agreement or the check or note is later paid. This Court laid down that principle in the case of *Cushwa, et al. v. Improvement L. & B. Association, et al.*, 45 W. Va. 490, 32 S. E. 259, decided on December 7, 1898. Cushwa entered into a contract with Au-

burn Wagon Company to construct a factory near Martinsburg, West Virginia, and furnished materials in the sum of $3,480.93 toward the construction of that edifice. The wagon company gave Cushwa three notes totalling the amount of the account which was receipted by Cushwa as ". . . in full for contract and extras. . . ." The trial court held the acceptance of those notes to be a complete discharge of the amount owing to Cushwa by the Wagon Company under the contract extinguishing the materialman's lien, and thereafter Cushwa could satisfy its account against the Wagon Company only by proceeding upon the three unpaid notes as a general creditor. This Court reversed the trial court and, in Syl. Pt. 4, held that: "The accep· tance of the note of a debtor, payable after the time granted by the statute for filing a mechanic's lien, and maturing before the expiration of the time limited for bringing suit, will not bar a suit and recovery upon the lien, if the notes are produced to be surrendered at the trial." This is the third syllabus point of that case: "A note will not be regarded as an absolute extinguishment or payment of a precedent note or pre-existing debt, unless it be so expressly agreed, whether the note received was that of one bound or a stranger." As heretofore stated the *Cushwa* case is not precisely in point but upon the facts of the instant case we believe the rule laid down therein to be very persuasive. We cannot, as we are urged by counsel for the plaintiff to do, "look to the intent of the parties" unless that intent is shown by the record or by reasonable inferences that may be drawn from the evidence which was before the trial court. If Robinson desired to make a payment of $5,000.00 on account to Hobbs, the normal procedure would have been for him to make the note payable to Wheeling Dollar, sign it as maker, take it to the bank and have his account credited in that amount less any discount, draw a check upon that bank payable to Hobbs and deliver it to the latter. Payment of the check by the bank would have resulted in unconditional payment. But the record clearly

shows that such did not occur. On the contrary while Robinson signed the note as maker and it was payable to Wheeling Dollar, Robinson did not attempt to negotiate it but instead delivered it directly to Hobbs. We can only surmise as to why he took the latter course rather than the former. We know however from this record what happened after Robinson delivered the note to Hobbs. In his affidavit Robert C. Hazlett, President of Wheeling Dollar, states unequivocally that his institution "treated this note as a discount note from and an obligation of Hobbs Lumber Company and Wheeling Dollar Savings and Trust looked directly to Hobbs Lumber Company for payment." In other words, Hobbs could not negotiate this note and could not receive payment of the face value thereof upon the signature of the maker but was able to do so only because the note was endorsed on the back by Hobbs Lumber Company, by R. G. Hobbs, President, and by R. G. Hobbs in his individual capacity. It is true, as contended by counsel for the defendants and as held by the trial court, that Hobbs, temporarily at least, received a bank credit in the amount of the proceeds of the note but this was only upon its committing itself to be liable for the payment of the note if Robinson defaulted, which he did thirty days later, and Hobbs was required to pay the amount of the note to Wheeling Dollar. If having the privilege of enjoying the sum of $5,000.00 and using it for thirty days constituted unconditional payment then the lien was extinguished. In his affidavit Russell G. Hobbs, Jr., Treasurer of Hobbs Lumber Company, stated that "The affiant as Treasurer of Hobbs Lumber Company never at any time considered the note as payment by Darrell U. Robinson and the said Darrell U. Robinson never considered it payment of any of his accounts with Hobbs Lumber Company . . . Hobbs Lumber Company through the affiant knew that if the account was not paid by Darrell U. Robinson, it had mechanic lien rights against the property on which

Darrell U. Robinson was constructing houses." True it is that this may be considered a self serving statement made after the transaction had been completed but it is the view of this Court that the manner in which the so-called payment was made and the means by which Hobbs secured "cash" of the equivalent amount of the note was no more an unconditional payment than it would have been had Hobbs been the payee of the note and Robinson had later defaulted upon it.

It is the view of this Court that there are no decisive factual issues for determination in this case and therefore the judgment of the Circuit Court of Ohio County wherein it held that the sum of $1,618.21 was paid by Robinson to Hobbs by the transaction herein related and the lien was thereby extinguished is reversed, but that judgment is affirmed wherein it was held that the sum of $119.58, which had been paid into court upon a plea of tender, be paid to Hobbs.

*Affirmed in part;*
*reversed in part;*
*and remanded.*